NOAH HAYDON vs. ROBERT MOORE.

A copy of a recorded mortgage cannot be received in evidence in this State, with--
out proof that the original mortgage was either "lost or mislaid, or destroyed
by time or accident, and not in the power of the party to produce."
Proof that an original mortgage was on file in the chancery court at Jackson, as.
an exhibit in a cause therein pending, is not sufficient to justify the reading a.
copy, where, by the rules of the chancery court, the original could be with-
drawn, and there had been sufficient time for that purpose.

THIS cause comes into this court by writ of error to the Yazoo
circuit court.

The defendant in error sued the plaintiff in error in an action
of trover for slaves.

On the trial of the action at law, the plaintiff below, offered
in support of the issue on his part, to read in evidence a recorded
copy of a deed of mortgage, by which the negroes in controvery
had been conveyed; and by way of laying a foundation for in-
troducing the copy, proved that the original deed of mortgage
was on file in the chancery court at Jackson, Mississippi, as an
exhibit in a case there pending. The defendant below objected.
to the introduction of the copy,—the objection, however, was.
overruled; the copy was admitted as evidence, and the defend--
ant filed his bill of exceptions.

The admission of this copy being the error for which the
court reversed the judgment, we take no notice of the other parts.
of the record.

*William Thompson*, for plaintiff in error.

The court erred in admitting the copy of the deed of mort-
gage from Stone to Mason to be read. The original should
have been produced. The statute (How. & Hutch. p. 348) pro-
vides that where the original is lost or mislaid, or destroyed by
time or accident, and not in the power of the party to produce
it, the copy may be read. Mark, the statute does not say, or not

in the power of the party to produce it, but, *and* not in the power of the party to produce it. That is, and not in his power to produce it, because it was lost or mislaid, or destroyed by time or accident. Neither of which contingencies has happened in this case. The original was simply filed in the chancery court, and might have been withdrawn by leaving this very copy which he used in the circuit court. See Rules Ch. Court, p. 11, rule 16, § 4. The chancellor will grant leave to withdraw the original, by leaving a copy.

*Wilkinson* and *Miles*, for defendant in error.

The admission of the record of the deed of mortgage from Stone to Moore, is certainly proper.

There are respectable authorities which assert the doctrine that " a copy of a deed duly recorded, is good evidence if certified by the clerk." *Lee* v. *Tapscalt*, 2 Wash. 276. Gilbert's Ev. 86 ; and especially if the original is not called for. Gilmer's Rep. 284. There are again, cases that controvert this doctrine. Our statute, however, sets the matter at rest in this State. How. & Hutch. Dig. 348, § 21. In this case it was " not in the power of the party to produce" the original, as it was on file at the time in the office of the superior court of chancery, and the trial took place in the month of November, which was during the vacation of that court.

Mr. Justice CLAYTON delivered the opinion of the court.

It is only necessary to notice a single point in this cause. Upon the trial, the plaintiff, Moore, introduced a copy of a recorded mortgage, and proved " that the original was on file in the chancery court at Jackson, as an exhibit in a cause therein pending," and offered *to read it* to the jury. The defendant objected, but the court permitted it to be read ; to this a bill of exceptions was filed, and we are called on to review the correctness of this order.

The common law rule is, as is well known, that the best evidence in the power of the party must be produced. The original is deemed better than a copy, and its production, if prac-

ticable, is therefore required. This rule has been occasionally modified, and relaxed to meet particular exigencies occurring in practice. 2 Phil. Ev. by Cowen & Hill, 540. Our legislation upon this point, however, has been so ample, as to render resort to the common law in a great degree immaterial. The first statute on this subject directs, " that if an original deed, conveyance or other instrument, which shall have been recorded according to law, be lost or mislaid, or destroyed by time or accident, and not in the power of the party to produce," then a certified transcript shall be received in evidence. H. & H. 348. A subsequent law enacted that " copies of all recorded deeds, &c., when certified by the clerk in whose office the record is kept, shall be received in evidence, in any court in the State, without accounting for the absence of the original." H. & H. 610. This law was repealed in 1840, and so the point rests upon the statute first cited. Has the plaintiff brought himself within the provisions of that statute, so as to justify the reading of the copy ? We think not. The original was neither lost nor mislaid, nor destroyed, nor was it out of the power of the party to produce it, by the exercise of a reasonable diligence. By the fourth section of the sixteenth rule of the chancery court, he might have withdrawn the original by application to the chancellor. The suit had been pending from May, 1840, till November, 1841. He must have known that the deed was essential to his recovery, and it is certainly.not a rigorous construction of the law to say, that by reasonable diligence, he might, within that time, have had it in his power to produce the original.

We think, therefore, that the copy was improperly permitted to go in evidence to the jury, and for this reason that the judgment should be reversed.